**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GARY LAMONTA CAMEL,

                    Petitioner,                              Case Number: 2:12-CV-10791

v.                                                           HON. VICTORIA A. ROBERTS

DAVID BERGH,

                    Respondent.
_____/

## OPINION AND ORDER OF SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

This is a habeas case filed under 28 U.S.C. § 2254.  Petitioner Gary Lamonta Camel (Petitioner) is a state inmate currently incarcerated at the Thumb Correctional Facility in Lapeer, Michigan.  He has filed the pending petition, through counsel, challenging his conviction for possession with intent to deliver 1000 grams or more of cocaine.  For the reasons which follow, the petition will be dismissed.

**I.**

Petitioner was charged in Saginaw County Circuit Court with conspiracy with intent to deliver less than 1,000 grams of cocaine, possession with intent to deliver between 50 and 449 grams of cocaine, and two counts of maintaining a drug house. Petitioner filed a motion to suppress evidence claiming searches were conducted in violation of his right to be free from unlawful searches and seizures.  After holding an

evidentiary hearing, the trial court denied the motion to suppress.

Petitioner filed an interlocutory application for leave to appeal in the Michigan Court of Appeals, challenging the trial court's ruling. The Michigan Court of Appeals denied the application, finding no need for immediate appellate review. *People v. Camel*, No. 292889 (Mich. Ct. App. Sept. 10, 2009). The Michigan Supreme Court also denied Petitioner's interlocutory application for leave to appeal. *People v. Camel*, 485 Mich. 992 (Mich. Dec. 2, 2009).

Petitioner then pleaded guilty in Saginaw County Circuit Court to possession with intent to deliver 1,000 grams or more of cocaine and being a second habitual offender. The remaining charges were dismissed. On January 29, 2010, the court sentenced Petitioner to eleven to thirty years in prison.

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, raising a Fourth Amendment claim. The Michigan Court of Appeals denied leave to appeal. *People v. Camel*, No. 302171 (Mich. Ct. App. March 8, 2011). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which also denied leave to appeal. *People v. Camel*, 489 Mich. 993 (Mich. July 25, 2011).

Petitioner then filed the pending  habeas corpus petition. He raises a single claim:

> The trial court erred by denying Petitioner's motion to suppress evidence
> seized from his residence during a warrantless search because the search
> violated the Fourth Amendment of the United States Constitution.

2

## II.

### A.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The habeas petition does not present grounds which may establish the violation of a federal constitutional right, therefore, the petition will be dismissed.

### B.

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

3

28 U.S.C. § 2254(d).  Therefore, federal courts are bound by a state court's adjudication

of a petitioner's claims unless the state court's decision was contrary to or involved an

unreasonable application of clearly established federal law.  *Franklin v. Francis*, 144 F.3d

429 (6th Cir. 1998).  Additionally, this court must presume the correctness of state court

factual determinations.  28 U.S.C. § 2254(e)(1); see also *Cremeans v. Chapleau*, 62 F.3d

167, 169 (6th Cir. 1995) ("We give complete deference to state court findings unless they

are clearly erroneous").

    The United States Supreme Court has explained the proper application of the

"contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's]
> clearly established precedent if the state court applies a rule that contradicts
> the governing law set forth in our cases. . . .

> A state-court decision will also be contrary to this Court's clearly
> established precedent if the state court confronts a set of facts that are
> materially indistinguishable from a decision of this Court and nevertheless
> arrives at a result different from [the Court's] precedent.

*Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

    With respect to the "unreasonable application" clause of § 2254(d)(1), the United

States Supreme Court held that a federal court should analyze a claim for habeas corpus

relief under the "unreasonable application" clause when "a state-court decision

unreasonably applies the law of this Court to the facts of a prisoner's case."  *Id.* at 409.

The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry
> should ask whether the state court's application of clearly established

federal law was objectively unreasonable. . .

> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable.

*Id.* at 410-11.

### III.

Petitioner presents a single claim in his petition: that his rights under the Fourth Amendment were violated by a warrantless search.  The Supreme Court has held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial."  *Stone v. Powell*, 428 U.S. 465, 494-95 (1976).  "Michigan has a procedural mechanism which presents an adequate opportunity for a criminal defendant to raise a Fourth Amendment claim."  *Robinson v. Jackson*, 366 F. Supp. 2d 524, 527 (E.D. Mich.2005).  This procedural mechanism is a motion to suppress, ordinarily filed before trial.  *See People v. Ferguson*, 376 Mich. 90, 135 N.W.2d 357, 358-59 (Mich. 1965) (describing the availability of a pre-trial motion to suppress).  Petitioner filed a motion to suppress.  The trial court conducted an evidentiary hearing prior to denying the motion. Petitioner raised the Fourth Amendment claim in the Michigan Court of Appeals and Michigan Supreme Court on interlocutory and direct appeal.

5

Petitioner makes no allegations that presentation of his Fourth Amendment claim was frustrated by a failure of the mechanism for doing so.  Accordingly, habeas relief is denied.

## IV.

For the reasons stated, the petition for a writ of habeas corpus is DENIED. Furthermore, reasonable jurists would not debate the Court's assessment of Petitioner's claim, nor conclude that the issue deserves encouragement to proceed further.  The Court therefore DECLINES to grant a certificate of appealability under 28 U.S.C. § 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

SO ORDERED.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  May 7, 2012

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on May 7, 2012.

s/Carol A. Pinegar
Deputy Clerk

6